1
2   Harvey W. Wimer III   California Bar no. 166326
    Dennis J. Mahoney     California Bar no. 124428
3   Szu Pei Lu-Yang       California Bar no. 231397
    **GRAVES & KING** LLP
4   *Attorneys at Law*
    3610 Fourteenth Street, Second Floor
5   Post Office Box 1548
    Riverside, California 92502-1548
6   (951) 680-0100 / Fax (951) 680-0700
    hwimer@gravesandking.com
7   dmahoney@gravesandking.com
    splu@gravesandking.com
8   Attorneys for the defendants,
    CITY OF VICTORVILLE, JOSEPH SLEGERS,
9   CHRIS BORCHERT, KEVIN COLLINS, and ERNEST PEREA

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12  KHUSHROO CHAUHAN et al.,              | Case no. EDCV 13-0533 JGB (OPx)

13                          plaintiffs,

14      vs.                                MOTION TO DISMISS COMPLAINT
                                           OF KHUSHROO CHAUHAN AND
15  CITY OF VICTORVILLE etc., et al.,      TO STRIKE PRAYER FOR
                                           PUNITIVE DAMAGES AGAINST
16                          defendants.    CITY OF VICTORVILLE;
                                           MEMORANDUM OF POINTS
17                                         AND AUTHORITIES

18
                                           Date:       May 20, 2013
19                                         Time:       9:00 a.m.
                                           Ctrm:       1
20

21

22  TO THE PLAINTIFFS AND TO THEIR ATTORNEY:

23          NOTICE is hereby given that on May 20, 2013, 2013, at 9:00 o'clock a.m., or

24  so soon thereafter as the matter may be heard in the Courtroom of the Honorable Jesus

25  G. Bernal, being courtroom 1 of the United States Courthouse located at 3470 Twelfth

26  Street, Riverside, the defendants City of Victorville, Joseph Slegers, Chris Borchert,

27  Kevin Collins, and Ernest Perea, and each of them will move the Court, and do hereby

28  move, for an order dismissing the complaint of Khushroo Chauhan (only) in this

1  matter, and the defendant City of Victorville will move the Court for an order striking
2  from the complaint the prayer for punitive damages against the City of Victorville.

3       The authority for these motions is Rule 12, subd. (b) and (f), Federal Rules of
4  Civil Procedure.  The ground of the motion to dismiss is that the complaint does not
5  state a claim upon which relief may be granted in favor of Khushroo Chauhan; the
6  ground of the motion to strike is that the prayer for punitive damages against a public
7  entity is redundant, immaterial, impertinent, or scandalous.  The motions are joined
8  pursuant to Rule 12(g), Federal Rules of Civil Procedure.

9       The motions are based upon this notice, the attached memorandum of points and
10 authorities, the pleadings on file with the Court, matters of which the Court may take
11 judicial notice, and such argument as may be made at the hearing of the motion.

12      These motions are made following the conference of counsel pursuant to L.R.
13 7-3, which took place on April 12, 2013.

14

15 Dated: April 25, 2013                    GRAVES & KING LLP
16                                          *Attorneys at Law*

17                                          /s/ Dennis J. Mahoney

18                                   By: _____
19                                          HARVEY W. WIMER III
                                            DENNIS J. MAHONEY
20                                          SZU PEI LU-YANG
21                                          Attorneys for the defendants,
                                            CITY OF VICTORVILLE,
22                                          JOSEPH SLEGERS, CHRIS BORCHERT,
                                            KEVIN COLLINS, and ERNEST PEREA

23

24

25

26 J:\WP_FILES\PLG-TEAM\hww\9463\PLEADINGS\motion to dismiss and to strike.wpd

27

28

MOTION TO DISMISS AND TO STRIKE

# MEMORANDUM OF POINTS AND AUTHORITIES

## I

## INTRODUCTION

This is an action for damages for alleged violation of the plaintiffs' civil rights by persons acting under color of state law.   The plaintiffs allege that three administrative visits or inspections of their motel by certain employees of the City of Victorville constituted unreasonable search and seizure.   One of the plaintiffs, Sammudin Shaikh, also alleges that he was battered in the course of one of the visits.

## II

## AUTHORITY

Rule 12 of the Federal Rules of Civil Procedure provides that a party may assert by motion the defense of "failure to state a claim upon which relief can be granted." *Id.*, at subd. (b)(6).   The same rule also provides that, "on motion made by a party," the "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Id.*, at subd. (f).

## III

## THE COMPLAINT OF KHUSHROO CHAUHAN

## SHOULD BE DISMISSED

Concerning plaintiff Khushroo Chauhan, the complaint alleges only that the plaintiff corporation is "owned by" Chauhan and operates the motel "on his behalf." Compliant, ¶3, p. 2, lines 24–28.   In other words, Chauhan's only interest in this matter is as a shareholder of the plaintiff corporation.   The complaint alleges that the corporation, Travel Inn Corp., was "formed under the laws of the State of Califonria." *Id.*, at lines 24–25.

Under the laws of the State of California, a corporation is a distinct juridical person.   "It is fundamental, of course, that a 'corporation is a distinct legal entity separate from its stockholders and from its officers.' [Citations.] 'A corporation . . . in its corporate rights and liabilities . . . is as distinct from the persons composing it,

as an incorporated city is from an inhabitant of that city.' [Citations.]" *Merco Constr. Engineers, Inc. v. Municipal Court*, (1978) 21 Cal.3d 724, 729–730 (1978).

Under California law, a shareholder may not recover damages for injury to the corporation, to which damages the corporation alone is entitled.  See *Sole Energy Co. v. Petrominerals Corp.*, 128 Cal.App.4th 212, 237 (2005) (suit for proportionate share of lost profits).  "Generally, a stockholder may not maintain an action in his own behalf for a wrong done by a third person to the corporation." *Sutter v. General Petroleum Corp.*, 28 Cal.2d 525, 530 (1946).

The same rule applies under federal law.  "The normal rule is that a corporation is run by its management, and the corporation itself has the right to make claims." *Quinn v. Anvil Corp.*, 620 F.3d 1005, 1012 (9th Cir. 2010).  The rule applies in cases under 42 U.S.C. §1983.  "Simply stated, the claimed damages are those of the corporation, not those of the appellant. We find nothing in the Civil Rights Act which would permit appellant to circumvent the rule of law just stated, completely avoid the corporate entity and thus maintain an action in his own name." *Erlich v. Glasner*, 418 F.2d 226, 228 (9th Cir. 1969); see *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1318 (9th Cir. 1989).

Therefore, the allegation that Khushroo Chauhan was the "owner" of the plaintiff corporation is insufficient to confer standing to maintain this action against the City and its employees for alleged violation of the rights of the corporation.  The complaint of Chauhan must, therefore, be dismissed.

IV

THE PRAYER FOR PUNITIVE DAMAGES AGAINST
THE CITY OF VICTORVILLE SHOULD BE STRICKEN

The complaint specifically alleges that the defendant "City of Victorville ("City") is a municipal corporation organized and existing under the Constitution and laws of the State of California.  Complaint, ¶5, p. 3, lines 4–6.  Nevertheless, the complaint prays for "judgment against Defendants, and each of them . . . [f]or punitive

1   damages." *Id.*, p. 8, lines 1–2, 6.

2       The Supreme Court of the United States has found "that considerations of history

3   and policy do not support exposing a municipality to punitive damages for the bad-faith

4   actions of its officials."   Furthermore, "[b]ecause absolute immunity from such

5   damages obtained at common law and was undisturbed by the 42d Congress, and

6   because that immunity is compatible with both the purposes of §1983 and general

7   principles of public policy, [it held] that a municipality is immune from punitive

8   damages under 42 U.S.C. § 1983." *City of Newport v. Fact Concerts, Inc.*, 453 U.S.

9   247, 271 (1981).

10      Other district courts have held that a motion to strike prayer for punitive damages

11  against a public entity is appropriate and may be granted.  E.g., *Garcia v. City of*

12  *Merced*, 637 F.Supp.2d 731, 764 (E.D. Cal. 2008); *Neveu v. City of Fresno*, 392

13  F.Supp.2d 1159, 1183 (E.D. Cal. 2005).

14                                      V

15                                 CONCLUSION

16      For the reasons given, the defendants submit that the complaint of Khushroo

17  Chauhan should be dismissed and the prayer for punitive damages against the City of

18  Victorville should be stricken.

19

20  Dated: April 25, 2013                  GRAVES & KING LLP
                                           *Attorneys at Law*
21

22                                         /s/ Dennis J. Mahoney

23                                  By: _____
24                                         HARVEY W. WIMER III
25                                         DENNIS J. MAHONEY
                                           SZU PEI LU-YANG
26                                         Attorneys for the defendants,
                                           CITY OF VICTORVILLE,
27                                         JOSEPH SLEGERS, CHRIS BORCHERT,
                                           KEVIN COLLINS, and ERNEST PEREA
28
    J:\WP_FILES\PLG-TEAM\hww\9463\PLEADINGS\motion to dismiss and to strike.wpd

MOTION TO DISMISS AND TO STRIKE