Harvey W. Wimer III   California Bar no. 166326
Dennis J. Mahoney    California Bar no. 124428
Szu Pei Lu-Yang       California Bar no. 231397
**GRAVES & KING LLP**
*Attorneys at Law*
3610 Fourteenth Street, Second Floor
Post Office Box 1548
Riverside, California 92502-1548
(951) 680-0100 / Fax (951) 680-0700
hwimer@gravesandking.com
dmahoney@gravesandking.com
splu@gravesandking.com

Attorneys for the defendants,
CITY OF VICTORVILLE, JOSEPH SLEGERS,
CHRIS BORCHERT, KEVIN COLLINS, and ERNEST PEREA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHUSHROO CHAUHAN et al.,<br><br>plaintiffs,<br><br>vs.<br><br>CITY OF VICTORVILLE etc., et al.,<br><br>defendants. | Case no. EDCV 13-0533 JGB (OPx)<br><br>NOTICE OF LODGING OF PROPOSED ORDER GRANTING MOTION TO DISMISS COMPLAINT OF KHUSHROO CHAUHAN AND TO STRIKE PRAYER FOR PUNITIVE DAMAGES AGAINST CITY OF VICTORVILLE<br><br>Date:       May 20,2013<br>Time:      9:00 a.m.<br>Ctrm:     1 |

TO THE PLAINTIFFS AND TO THEIR ATTORNEY:

NOTICE is hereby given that the defendants City of Victorville, Joseph Slegers, Chris Borchert, Kevin Collins, and Ernest Perea have lodged with the Court a proposed order granting the defendants' motion to dismiss and to strike.

///

///

///

1

NOTICE OF LODGING RE MOTION TO DISMISS AND TO STRIKE

1      A copy of the proposed order is attached to this notice.

2

3   Dated: April 25, 2013                    GRAVES & KING LLP
                                            *Attorneys at Law*
4

5                                           /s/ Dennis J. Mahoney

6                                   By: _____
7                                           HARVEY W. WIMER III
                                            DENNIS J. MAHONEY
8                                           SZU PEI LU-YANG
                                            Attorneys for the defendants,
9                                           CITY OF VICTORVILLE,
                                            JOSEPH SLEGERS, CHRIS BORCHERT,
10                                          KEVIN COLLINS, and ERNEST PEREA

11

12

13

14   J:\WP_FILES\PLG-TEAM\hww\9463\PLEADINGS\notice of lodging.wpd

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I

## INTRODUCTION

This is an action for damages for alleged violation of the plaintiffs' civil rights by persons acting under color of state law. The plaintiffs allege that three administrative visits or inspections of their motel by certain employees of the City of Victorville constituted unreasonable search and seizure. One of the plaintiffs, Sammudin Shaikh, also alleges that he was battered in the course of one of the visits.

## II

## AUTHORITY

Rule 12 of the Federal Rules of Civil Procedure provides that a party may assert by motion the defense of "failure to state a claim upon which relief can be granted." *Id.*, at subd. (b)(6). The same rule also provides that, "on motion made by a party," the "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Id.*, at subd. (f).

## III

## THE COMPLAINT OF KHUSHROO CHAUHAN
## SHOULD BE DISMISSED

Concerning plaintiff Khushroo Chauhan, the complaint alleges only that the plaintiff corporation is "owned by" Chauhan and operates the motel "on his behalf." Compliant, ¶3, p. 2, lines 24–28. In other words, Chauhan's only interest in this matter is as a shareholder of the plaintiff corporation. The complaint alleges that the corporation, Travel Inn Corp., was "formed under the laws of the State of Califonria." *Id.*, at lines 24–25.

Under the laws of the State of California, a corporation is a distinct juridical person. "It is fundamental, of course, that a 'corporation is a distinct legal entity separate from its stockholders and from its officers.' [Citations.] 'A corporation . . . in its corporate rights and liabilities . . . is as distinct from the persons composing it,

1    as an incorporated city is from an inhabitant of that city.' [Citations.]" *Merco Constr.*

2    *Engineers, Inc. v. Municipal Court*, (1978) 21 Cal.3d 724, 729–730 (1978).

3         Under California law, a shareholder may not recover damages for injury to the

4    corporation, to which damages the corporation alone is entitled.  See *Sole Energy Co.*

5    *v. Petrominerals Corp.*, 128 Cal.App.4th 212, 237 (2005) (suit for proportionate share

6    of lost profits).  "Generally, a stockholder may not maintain an action in his own behalf

7    for a wrong done by a third person to the corporation." *Sutter v. General Petroleum*

8    *Corp.*, 28 Cal.2d 525, 530 (1946).

9         The same rule applies under federal law.  "The normal rule is that a corporation

10   is run by its management, and the corporation itself has the right to make claims."

11   *Quinn v. Anvil Corp.*, 620 F.3d 1005, 1012 (9th Cir. 2010).  The rule applies in cases

12   under 42 U.S.C. §1983.  "Simply stated, the claimed damages are those of the

13   corporation, not those of the appellant. We find nothing in the Civil Rights Act which

14   would permit appellant to circumvent the rule of law just stated, completely avoid the

15   corporate entity and thus maintain an action in his own name." *Erlich v. Glasner*, 418

16   F.2d 226, 228 (9th Cir. 1969); see *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310,

17   1318 (9th Cir. 1989).

18        Therefore, the allegation that Khushroo Chauhan was the "owner" of the plaintiff

19   corporation is insufficient to confer standing to maintain this action against the City and

20   its employees for alleged violation of the rights of the corporation.  The complaint of

21   Chauhan must, therefore, be dismissed.

22   IV

23   THE PRAYER FOR PUNITIVE DAMAGES AGAINST

24   THE CITY OF VICTORVILLE SHOULD BE STRICKEN

25        The complaint specifically alleges that the defendant "City of Victorville ("City")

26   is a municipal corporation organized and existing under the Constitution and laws of

27   the State of California.  Complaint, ¶5, p. 3, lines 4–6.  Nevertheless, the complaint

28   prays for "judgment against Defendants, and each of them . . . [f]or punitive

4

1   damages." *Id.*, p. 8, lines 1–2, 6.

2         The Supreme Court of the United States has found "that considerations of history

3   and policy do not support exposing a municipality to punitive damages for the bad-faith

4   actions of its officials."   Furthermore, "[b]ecause absolute immunity from such

5   damages obtained at common law and was undisturbed by the 42d Congress, and

6   because that immunity is compatible with both the purposes of §1983 and general

7   principles of public policy, [it held] that a municipality is immune from punitive

8   damages under 42 U.S.C. § 1983." *City of Newport v. Fact Concerts, Inc.*, 453 U.S.

9   247, 271 (1981).

10        Other district courts have held that a motion to strike prayer for punitive damages

11  against a public entity is appropriate and may be granted.  E.g., *Garcia v. City of*

12  *Merced*, 637 F.Supp.2d 731, 764 (E.D. Cal. 2008); *Neveu v. City of Fresno*, 392

13  F.Supp.2d 1159, 1183 (E.D. Cal. 2005).

V

CONCLUSION

16        For the reasons given, the defendants submit that the complaint of Khushroo

17  Chauhan should be dismissed and the prayer for punitive damages against the City of

18  Victorville should be stricken.

20  Dated: April 25, 2013                    GRAVES & KING LLP
                                             *Attorneys at Law*

22                                           /s/ Dennis J. Mahoney

23                                           By: _____

24                                           HARVEY W. WIMER III
25                                           DENNIS J. MAHONEY
                                             SZU PEI LU-YANG
26                                           Attorneys for the defendants,
                                             CITY OF VICTORVILLE,
27                                           JOSEPH SLEGERS, CHRIS BORCHERT,
                                             KEVIN COLLINS, and ERNEST PEREA

28  J:\WP_FILES\PLG-TEAM\hww\9463\PLEADINGS\notice of lodging.wpd

NOTICE OF LODGING RE MOTION TO DISMISS AND TO STRIKE