1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT
9                          CENTRAL DISTRICT OF CALIFORNIA
10
11   Khushroo Chauhan, et al.,            )   Case No. EDCV 13-00533-JGB (OPx)
                                          )
12              Plaintiff(s),             )   **CIVIL TRIAL SCHEDULING ORDER**
                                          )
13        v.                              )   Last Day to Stipulate or File a Motion to Amend
                                          )   Pleadings or Add New Parties: **9/30/2013**
14   City of Victorville, et al.,         )
                                          )   Deadline for Initial Designation of Expert
15              Defendant(s).             )   Witnesses: **5/1/2014**
                                          )
16                                        )   Deadline for Designation of Rebuttal Expert
                                          )   Witnesses: **5/16/2014**
17                                        )
                                          )   All Discovery Cut-Off (including hearing of
18                                        )   discovery motions): **6/2/2014**
                                          )
19                                        )   Dispositive Motion Hearing Cut-Off:
                                          )   **6/2/2014 at 9:00 a.m.**
20                                        )
                                          )   Last day to Conduct Settlement Conference:
21                                        )   **5/30/2014**
                                          )
22                                        )   Final Pretrial Conference: **6/23/2014 at 11:00**
                                          )   **a.m.**
23                                        )
                                          )   Jury Trial: **7/8/2014 at 9:00 a.m.**
24
                                              Trial Estimate: 7-8 Days
25
26
27        This case is set for trial before the Honorable Jesus G. Bernal, Courtroom 1, United
28   States District Court, 3470 Twelfth Street, 2nd Floor, Riverside, California.

## **Motions**

Judge Bernal hears motions in civil cases on Mondays at 9:00 a.m.  The cut-off date for hearing motions is the last day on which motions will be heard, i.e., the motion must be filed at least 28 days before the deadline in accordance with the requirements of Local Civil Rule 6-1.  **A copy of every document filed must be delivered to the chambers drop box outside Courtroom 1 ("the mandatory chambers copy")**.  The cut-off date applies to all non-discovery motions except motions directly related to the conduct of trial, e.g., motions in limine and motions to sever parties or bifurcate issues for trial.

All motions in limine and other trial-related motions must be properly noticed for hearing no later than the date of the Final Pretrial Conference.  **Each side is limited to five motions in limine.**  Memoranda of Points and Authorities in support of or in opposition to motions in limine shall not exceed 10 pages.  Replies will not be accepted. Motions shall not be compound, i.e., each motion shall address only one item of evidence or witness.  If common grounds for exclusion or admission apply to multiple items of evidence or witnesses, each motion shall address only one category of evidence or witnesses.  Motions in limine should not be disguised motions for summary adjudication of issues.

All parties and counsel must comply with Local Rule 7-16, which provides:

> Any moving party who intends to withdraw the motion before the hearing date shall file and serve a withdrawal of the motion, not later than seven (7) days preceding the hearing. Any opposing party who no longer intends to oppose the motion, shall file and serve a withdrawal of the opposition, not later than seven (7) days preceding the hearing.

Failure to comply with this notification requirement may result in the imposition of sanctions on the offending counsel or party.

**Discovery**

Counsel shall initiate all discovery other than depositions at least **45 days** before the cut-off date. The Court will not approve stipulations between counsel which permit responses to be served after the cut-off date except in unusual circumstances and for good cause shown.

All depositions must be completed by the discovery cut-off deadline. Counsel shall lodge all original depositions that will be used in trial with the Courtroom Deputy Clerk on the first day of trial.

Counsel are expected to resolve discovery problems without the assistance of the Court. Discovery disputes have been referred to the United States Magistrate Judge assigned to this case. The discovery cut-off is the last date to complete discovery, including expert discovery. It is also the last day for hearing any discovery motion.

If not separately set forth above, the required expert disclosures shall be made **70 days** before the discovery cut-off date.

**Settlement Procedures**

Counsel must complete a settlement conference under the Court-Directed ADR Program (Local Rule 16-15.4) no later than the date set by the Court above. If the parties desire to participate in an ADR procedure other than that elected in the Rule 26(f) Scheduling Report and Order, they shall file a stipulation with the Court. This request will not necessarily be granted.

Counsel shall include in the proposed Pretrial Conference Order a status report detailing what procedure has been followed, and the status of settlement efforts. No case will proceed to trial unless all parties, including the principals of all corporate parties, have appeared personally at a settlement conference and complied with Local Rule 16-15.5.

If a settlement is reached, it shall be reported immediately to this Court as required by Local Rule 16-15.7. **In all cases set for jury trial, the parties must notify the Court, no later than the Wednesday preceding the Tuesday trial date, of any settlement, so that the necessary arrangements can be made to bring in a different case for trial or notify the members of the public who would otherwise be reporting for jury duty that their services are not needed that date.**

**Failure to comply with this notification requirement may result in the imposition of sanctions on counsel for one or more parties, or their clients, or both.**

### Final Pretrial Conference

The Court will conduct a Final Pretrial Conference pursuant to Federal Rule of Civil Procedure 16 and Local Rule 16-1 on the date and time listed above. Each party appearing in this action shall be represented at the Final Pretrial Conference and at all pretrial meetings by the lead trial counsel. Counsel should be prepared to discuss streamlining the trial, including presentation of testimony by deposition excerpts, time limits, stipulations as to undisputed facts, and qualification of experts by admitted resumes. In rare cases where the Pretrial Conference is waived by the Court, counsel must follow Local Rule 16-11. This Court does not exempt *pro per* parties from the requirements of Local Rule 16.

**Matters to be Discussed at the Final Pretrial Conference**

Counsel shall be prepared to discuss the following matters with the Court at the Pretrial Conference:

- the witnesses all parties intend to call during their respective cases, and the amount of time necessary for direct and cross examination of each witness;
- any anticipated problems in scheduling witnesses;

4

1
2
3
4
5
6
7
8
9
10

- any evidentiary issues, including anticipated objections under Rule 403, and objections to exhibits;
- jury selection procedures;
- all pretrial motions, including motions in limine, to bifurcate and to sever;
- any disputed jury instructions, and the form of the instructions which will be given to the jury at the outset of the case, i.e., before opening statements and presentation of evidence;
- whether any counsel intends to use any evidence or demonstrative aid in opening statement; and
- motions to exclude witnesses from the courtroom during trial testimony.

If counsel for any party need to arrange for the installation of their own equipment, such as video monitors, notebooks, or overhead projectors, counsel shall notify the Courtroom Deputy Clerk **no later than 4:00 p.m. two days before trial** so that the necessary arrangements can be made.

**Pretrial Filings**

Counsel shall submit carefully prepared Memoranda of Contentions of Fact and Law (which may also serve as the trial briefs) and proposed Pretrial Conference Orders in accordance with the provisions of Local Rules 16-4 through 16-7. The form of the proposed Pretrial Conference Order shall be in conformity with the form set forth in Appendix A to the Local Rules.

The filing schedule for pretrial documents is as follows:

A. <u>At least 28 days before final pretrial conference</u>
- Motions in limine

B. <u>At least 21 days before final pretrial conference</u>
- Memorandum of contentions of fact and law
- Witness lists

1     •     Joint exhibit list

2     •     Oppositions to motions in limine

3   C.   <u>At least 14 days before final pretrial conference</u>

4     •     Proposed final pretrial conference order

5     •     Proposed jury instructions, and any objections

6     •     Proposed verdict forms

7     •     Statement of the case

8     •     *Proposed voir dire questions, if desired*

9   D.   <u>At least 7 days before trial:</u>

10     •     Trial briefs, if desired

11     In drafting the proposed Pretrial Conference Order, counsel shall make a good faith effort to agree on and set forth as many uncontested facts as possible. The Court may read the uncontested facts to the jury at the start of the trial.

14     In drafting the factual issues in dispute for the proposed Pretrial Conference Order, the issues of fact should track the elements of a claim or defense upon which the jury would be required to make findings. Counsel should attempt to state issues in ultimate fact form, not in the form of evidentiary fact issues (i.e., "was the defendant negligent?"; "was such negligence the proximate cause of injury to the plaintiff?"; "was the plaintiff negligent?"; **not**, "was the plaintiff standing on the corner of 5th and Spring at 10:00 a.m. on May 3?"). Counsel may list sub-issues under the headings of ultimate fact issues, but shall not use this as a device to list disputes over evidentiary matters.

22     Issues of law should state legal issues upon which the Court will be required to rule after the Pretrial Conference, including during the trial, and should not list ultimate fact issues to be submitted to the trier of fact.

25     Each party shall list and identify its respective expert witnesses, if any. Failure of a party to list and identify an expert witness in the proposed Pretrial Conference Order shall preclude a party from calling that expert witness at trial.

28

**Exhibit and Witness Lists**

Counsel are to prepare their exhibits by placing them in 3-ring binders that are tabbed down the right side with exhibit numbers. The spine portion of the binder shall indicate the volume number and contain an index of each exhibit including in the volume. The binders are to be prepared with an original for the Courtroom Deputy Clerk, which shall be tagged with the appropriate exhibit tags in the upper right hand corner of the first page of each exhibit, and one copy for the Court ("bench book"). Each binder shall contain an index of the included exhibits. The exhibits are to be numbered in accordance with Local Rule 26-3.

The Court requires the following to be submitted to the Courtroom Deputy Clerk on the first day of trial:

A. The original exhibits with the Court's exhibit tags. The parties shall use yellow tags for plaintiff and blue tags for defendant, which shall be stapled to the front of the exhibit on the upper right corner with the case number, case name, and exhibit number placed on each tag. Counsel can obtain exhibit tags at the Clerk's Office, Room 134, 1st Floor, 3470 Twelfth Street, Riverside.

B. One bench book with a copy of each exhibit for use by the Court, tabbed with numbers as described above. (Court's exhibit tags not necessary.)

C. Three copies of exhibit index.

The exhibit index shall be in the following form:

| Case No. | Case Name: | | |
|---|---|---|---|
| Exhibit No. | Description | Date Identified | Date Admitted |
| 3 | 1/30/2005 Letter from Doe to Roe | | |

D. Three copies of witness lists in the order in which the witnesses may be called to testify.

The witness lists shall be in the following form:

| Case No. | Case Name: |
|---|---|
| Witness Name | Date Called to Testify |
| 1. John Doe | |
| 2. Jane Roe | |

All counsel are to meet no later than **10 calendar days** before trial and to stipulate to the extent possible to foundation, waiver of the best evidence rule, and which exhibits may be received into evidence at the start of trial. The exhibits to be received will be noted on the extra copies of the exhibit lists.

**Court Reporter**

At least 7 days before the commencement of trial, counsel for the parties shall provide the court reporter with a list of unusual words, phrases, and spellings that may come up during trial. This information should be emailed to the reporter at Theresa_Lanza@cacd.uscourts.gov.

**Jury Instructions**

***Fourteen calendar days*** prior to the Rule 16-2 Meeting of Counsel, counsel shall exchange proposed jury instructions and special verdict forms (if applicable). ***Seven calendar days*** prior to the Rule 16-2 meeting, counsel shall exchange any objections to the instructions and special verdict forms. Prior to or at the time of the Rule 16-2 meeting, counsel shall meet and confer with the goal of reaching agreement as to one set of joint, undisputed jury instructions and one special verdict form.

8

The parties shall file proposed jury instructions **seven calendar days** before the Final Pretrial Conference.  As always, the parties must submit mandatory chamber copies to the Court.  In addition, the parties must submit electronic versions (either Word or WordPerfect format) to the Court at the following e-mail address: *JGB_Chambers@cacd.uscourts.gov*.

As noted above, the parties must act jointly to submit proposed jury instructions.  The parties must submit one set of agreed upon jury instructions.  At the same time, the parties must submit another set of jury instructions containing the instructions upon which the parties disagree and the objections to those instructions.  Where the parties disagree on an instruction, the party opposing the instruction must attach a short (i.e., one to two paragraphs) statement supporting the objection and the party submitting the instruction must attach a short statement supporting the instruction.  Each statement should be on a separate page and should follow directly after the disputed instruction.

Accordingly, the parties ultimately will submit one document or, if the parties disagree over any proposed jury instructions, two documents.  If the parties submit two documents, those documents should consist of: (1) a set of agreed upon jury instructions and (2) a set of disputed jury instructions along with reasons supporting and opposing each disputed instruction.

Where the **Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 edition)** provides a version of a requested instruction, the parties should submit the Model instruction.  Where California law applies, the Court prefers counsel to use *Judicial Council of California, Civil Instructions* - ("CACI").  If neither of the above sources has an instruction on the subject, counsel are directed to consult the current edition of ***O'Malley, et al., Federal Jury Practice and Instructions***.  Each requested instruction shall (a) cite the authority or source of the instruction, (b) be set forth in full, (c) be on a separate page, (d) be numbered, (e) cover only one subject or principle of law, and (f) not repeat principles of law contained in any other requested instruction.    The Court will send a copy of the jury instructions into the jury room for use by the jury during deliberations.  Accordingly, in

addition to the file copies described above, the parties shall file with the Courtroom Deputy Clerk and shall email to chambers on the first day of the trial a "clean set" of joint and/or proposed jury instructions that contain only the text of each instruction set forth in full on each page, with the caption "Court's Instruction Number ___" (eliminating titles, supporting authority, indication of party proposing, etc.).  This will be referred to as the "Jury Copy" of the jury instructions.

An index page shall accompany all jury instructions submitted.  The index page shall indicate the following:

- The number of the instruction;
- A brief title of the instruction;
- The source of the instruction and any relevant case citations; and
- The page number of the instruction.

EXAMPLE:

| Number | Title | Source | Page |
|--------|-------|--------|------|
| 1 | Burden of Proof | 9th Cir. 12.02 | 7 |

**Joint Statement of the Case**

Counsel shall prepare a joint statement of the case which will be read by the Court to the prospective panel of jurors prior to the commencement of voir dire.  The statement should not be longer than two or three paragraphs.  The statement shall be filed with the Court *fourteen calendar days* before the Final Pretrial Conference.

## **Trial**

The Court sets firm trial dates.  Counsel shall arrive at the Courtroom **not later than 8:30 a.m.** each day of trial.  The Court reserves the time from **8:30 to 9:00 a.m.** to handle legal and administrative matters outside the presence of the jury.  The trial will commence promptly at 9:00 a.m.  Counsel shall anticipate matters that may need discussion or hearing outside the presence of the jury and to raise them during this period.

The Court is in session with the jury on **Tuesdays through Fridays, 9:00 a.m. to 4:30 p.m., with a morning and an afternoon break and a lunch recess from approximately 12:00 to 1:15 p.m.**  In most cases, jury selection is completed on the first morning of trial, and counsel should be prepared to give opening statements and begin presentation of evidence immediately thereafter.

All counsel are asked to observe the following practices during trial:

- All counsel, defendants, and parties shall rise when the jury enters and leaves the courtroom.
- Counsel shall stand when addressing the Court, including when objecting to opposing counsel's questions.
- When objecting, counsel should state only "objection," and the legal ground for the objection (e.g., hearsay, irrelevant, etc.).  Counsel should refrain from arguing the legal basis for the objection unless permission is granted to do so.
- Counsel must seek leave to approach the Courtroom Deputy Clerk or the witness, and should question witnesses while standing at the lectern.
- Counsel should not address or refer to witnesses or parties by first names alone, with the exception of witnesses under 14 years old.
- Counsel shall not discuss the law or argue the case in opening statements.

- Counsel shall address all remarks to the Court and should not directly address the Courtroom Deputy Clerk, the Court Reporter, opposing counsel, or the jury (except in opening statement and closing argument).  Counsel must ask the Court for permission to talk off the record in order to speak with opposing counsel.

- Counsel shall not make an offer of stipulation unless he or she has conferred with opposing counsel and believes that the stipulation will be accepted.  Any stipulation of fact will require the defendant's personal concurrence and shall be submitted to the Court in writing for approval.

- While Court is in session, counsel may not leave the counsel table to confer with witnesses, colleagues, or assistants in the back of the courtroom unless the Court grants permission to do so in advance.

- Where a party has more than one lawyer, only one may conduct the direct or cross-examination of a particular witness, or make objections as to that witness.

- If a witness was on the stand before a recess or adjournment, counsel shall have the witness back on the stand and ready to proceed when Court resumes.

- If there is more than a brief delay between witnesses, the Court may deem that the party has rested.

- The Court attempts to cooperate with witnesses and will, except in extraordinary circumstances, accommodate them by permitting them to be examined out of sequence.  Counsel should discuss any scheduling issues with opposing counsel.  If there is an objection, counsel shall confer with the Court in advance.

## Court Trials

***Twenty-one calendar days*** before the trial date, each party shall prepare and serve on opposing counsel copies of the proposed Findings of Fact and Conclusions of Law. Each party shall review the other party's proposed Findings and Conclusions and make such changes in the party's own proposed Findings and Conclusions as necessary following such review. ***Fourteen calendar days*** before the trial date, each party shall lodge two copies of its proposed Findings of Fact and Conclusions of Law with the Court, also serving other parties if changes have been made. The parties shall be prepared to submit to the Court, and to exchange among themselves, supplemental Findings of Fact and Conclusions of Law during the course of the trial.

## Website

Counsel are encouraged to review the Central District's website for additional information: http://www.cacd.uscourts.gov

The Courtroom Deputy Clerk is ordered to serve a copy of this Order personally, electronically, or by mail on counsel for all parties to this action.

IT IS SO ORDERED.

Dated: September 9, 2013

JESUS G. BERNAL
United States District Judge